**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JEFFREY NEMES, : | |
| : | |
| Plaintiff, : | Civil No. 08-2814 (RMB) |
| : | |
| v. : | |
| : | **O P I N I O N** |
| LEWIS KORNGUT, et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES:**

Jeffrey Nemes, Pro Se
SBI # 554219C
Mid-State Correctional Facility
P.O. Box 866-1 Range Road
Wrightstown, NJ 08562

Tracey C. Hinson, Esq.
Attorney for Defendants Korngut, Neafsy, Brown,
    Stemmer, McKoy, and Salvatore
Office of the NJ Attorney General
25 Market Street, P.O. Box 112
Trenton, NJ 08852

Kimberley M. Wilson, Esq.
Attorney for Defendants Trenton Police and Scott Connor
City of Trenton
319 East State Street, Room 300
Trenton, NJ 08608

Eric L. Harrison, Esq.
Attorney for Defendants Chief David Sabo and
    Chief William Kiernan
Methfessel & Werbel, PC
3 Ethel Road, Suite 300
Edison, NJ 08818-3012

Keith J. Miller, Esq.
Attorney for Defendants Stein, Coryell, and Times of New Jersey
Robinson, Wettre & Miller, LLC
One Newark Center
19th Floor
Newark, NJ 07102

**BUMB, District Judge**

This matter is before the Court on Plaintiff's motion to reopen his case and file an amended complaint (docket entry 42), filed on January 30, 2009. Defendants Chief Sabo, Trenton Police, Scott Connor, and Chief William Kiernan have filed opposition to the motion (docket entries 43, 44, 45). For the following reasons, the motion will be denied.

## BACKGROUND

Plaintiff's original complaint, filed on June 24, 2008 while Plaintiff was an inmate at the Mid-State Correctional Facility, was dismissed on December 24, 2008, pursuant to sua sponte screening required by 28 U.S.C. § 1915(e). The dismissal was without prejudice to Plaintiff filing a motion to reopen and an amended complaint curing the deficiencies of his original complaint.

On January 30, 2009, Plaintiff filed the motion to reopen and amended complaint. The Court must now review the amended complaint to assess whether or not the deficiencies, as stated in this Court's prior Opinion, have been cured.

**DISCUSSION**

Plaintiff's criminal case history is extensive. Plaintiff was first indicted in December of 2000, and after trial, was found guilty of Failure to Make Lawful Disposition of Entrusted Property, in violation of N.J.S.A. 2C:20-9. He was sentenced to a seven-year term of incarceration, but was granted bail pending his appeal.

In December of 2003, Plaintiff was indicted a second time for Bribery in Official and Political Matters and conspiracy, and in June of 2004, a third indictment was returned against Plaintiff for bribery, official misconduct, and conspiracy.

In May of 2005, the Appellate Division reversed and remanded to the trial court Plaintiff's conviction on the first indictment based on improper jury instructions.

Later, in August of 2005, the trial on the second indictment commenced, but was ruled a mistrial due to improper witness statements. The trial on the second indictment was re-commenced in February of 2007, and Plaintiff was convicted of all counts of the second indictment in March of 2007. In June of 2007, Plaintiff was sentenced to eight years incarceration on the second indictment. A fourth indictment was returned against Plaintiff in April of 2008, for theft by unlawful taking.

According to the complaint and amended complaint, the retrial on the first indictment, as well as the third and fourth

indictment proceedings, remains pending. Plaintiff filed motions to dismiss the third and fourth indictments, which were denied; said denials being affirmed on appeal.

Plaintiff has conveyed in his amended complaint that he is far from satisfied with his cases' treatment in the New Jersey State Courts, and with defendant Korngut, the deputy attorney general's action concerning his cases. He has filed ethics complaints and grievances, and numerous motions in the state courts. However, despite Plaintiff's criminal case history, Plaintiff has not alleged sufficient facts to sustain this § 1983 action.

In its original Opinion, dated December 24, 2008, this Court dismissed, without prejudice, Plaintiff's malicious prosecution claims against defendant Korngut, Stemmer, and Salvatore, and Plaintiff's claims of improper investigation against defendants Sabo, Kiernan, O'Neil, Mastropolo, and Connor. As outlined in the Opinion, this Court found that Plaintiff had not alleged facts indicating that his conviction was reversed on appeal or terminated in his favor, because it was possible for an appeal or retrial of the criminal proceedings. Thus, any potential § 1983 claims are premature at this juncture. In his motion to reopen, Plaintiff again does not allege facts indicating that his convictions were reversed, or otherwise allege facts to overcome the <u>Heck</u> bar. Further, Plaintiff has not yet been tried on

4

various indictments. As outlined in this Court's original opinion:

> In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in <u>Preiser</u>, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.
>
>> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.
>
> 512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.
>
>> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action

5

> should be allowed to proceed, in the absence of some other bar to the suit.
>
> 512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

See Original Opinion, at pp. 20-22. Thus, it is apparent to this Court that Plaintiff's amended complaint alleges no facts to overcome the Heck bar, because a ruling in Plaintiff's favor on his claims would necessarily imply the invalidity of his conviction on the second indictment.

Furthermore, as stated in its original Opinion, prosecutors and investigators, such as defendants Korngut, Neafsy, Brown, McKoy, Salvatore, and Stemmer, are immune from suit under § 1983.

Additionally, Plaintiff's claim in the Amended Complaint, that the defendants retaliated against him because he would not plead guilty to the first indictment, continues to fail to state a claim. As recently explained by the Court of Appeals for the Third Circuit:

> Appellants' argument that the third superceding indictment was filed in retaliation for their rejection of proposed guilty pleas is unsupported by the record. First, just because one event follows another does not necessarily suggest a causal connection between the two. "[T]he mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the [indictment] are unjustified." United States v. Goodwin, 457 U.S. 368, 382-83 (1982).

\* \* \*

6

> Even if the prosecutor possessed information on the [criminal activity] at the time the first and second superceding indictments were filed, there would be no presumption of vindictiveness because a prosecutor may charge a defendant with crimes bearing an increase in punishment in response to the defendant's rejection of a negotiated guilty plea. "[J]ust as a prosecutor may forego legitimate charges already brought in an effort to save the time and expense of trial, [he] may [also] file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded." Goodwin, 457 U.S. at 380 (citing Bordenkircher v. Hayes, 434 U.S. 357, 362-65 (1978)).

United States v. Winkelman, 180 Fed. Appx. 397, 400, 2006 WL 1371584 at *2 (3d Cir. 2006). As this case demonstrates, the fact of Plaintiff's superseding indictments does not presume vindictiveness. Additionally, the return of the indictments by the grand jury demonstrate that the State had at least probable cause to bring the charges against Plaintiff. Thus, the motion to reopen regarding retaliation claims will also be denied.

### CONCLUSION

In conclusion, Plaintiff's amended complaint fails to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b), for the reasons set forth above, and for the reasons previously discussed in this Court's original Opinion. Plaintiff's motion to reopen will be denied. An appropriate Order accompanies this Opinion.

S/Renée Marie Bumb
**RENÉE MARIE BUMB**
United States District Judge

Dated: July 16, 2009

7